**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

May 12, 2005

Judson L. Hand, Esq.
Proskauer Rose LLP
One Newark Center
Newark, NJ 07102

Lisa J. Rodriguez, Esq.
Trujillo, Rodriguez & Richards, LLC
8 Kings Highway West
Haddonfield, NJ 08033

**LETTER ORDER**

  RE: Seegott Holdings, Inc. v. Bayer AG, et al.
     Civil Action No: 04-5850 (JAP)

Dear Counsel,

  Before this Court is Defendant's Motion to Stay the proceedings in this action until thirty (30) days after the Judicial Panel on Multi-District Litigation (the "MDL Panel") rules on Defendants' motions to transfer and to consolidate this case with one currently pending in Kansas. Plaintiff opposes the Motion. No oral argument was heard. FED. R. CIV. P. 78. Having considered the parties' submissions, and for the reasons set forth below, and for good cause shown, this Court finds that a stay of proceedings is warranted. Accordingly, Defendants' Motion to Stay is **GRANTED**.

  The decision to stay proceedings is committed to the sound discretion of the Court. The Hertz Corp. v. The Gator Corp., 250 F. Supp. 2d 421, 426 (D.N.J. 2003). The Court's power to stay proceedings before it is a power incident to the power to schedule disposition of the cases on its docket "so as to promote fair and efficient adjudication." Id. at 424 (quoting U.S. v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994)). To determine the appropriateness of a stay of proceedings, the Court balances the parties' competing interests. Id. at 426. Indeed, "the party seeking the stay must demonstrate 'a clear case of hardship or inequity, if there is even a fair possibility that the stay would work damage on another party.'" Id. at 424 (quoting Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1075-76 (3d Cir. 1983)).

  In the present case, the instant Motion to Stay comes on the heels of a motion to consolidate and to transfer this case to the District of Kansas. Plaintiff objects to the stay at this juncture

primarily because Defendants have yet to answer the Complaint, even though the time to answer has passed.[1] Plaintiff contends that any further delay in the proceedings prejudices Plaintiff's right to an expeditious adjudication of its claims. Plaintiff seeks to have Defendants answer the Complaint and to proceed with discovery in this matter until such a time that the MDL Panel determines the transfer request. On the other hand, Defendants argue that since this case is in its infancy, and since the MDL Panel will most likely hear the transfer motion within the next several weeks, a temporary stay of proceedings serves the dual considerations of judicial economy and efficiency.

In Hertz, defendant, The Gator Corp. ("TGC"), moved for a temporary stay while the MDL Panel decided a motion to consolidate several cases with issues in common. Id. at 422. The District Court determined that there was "at least a possibility that a temporary stay [would] harm Hertz." Id. at 426. Balancing the parties' interests, however, the Court ultimately concluded that clear hardships existed to support TGC's request to stay. Those hardships included the heavy financial burden on TGC to defend itself in multiple fora, the pendency of the MDL Panel's decision on the consolidation motion, and the early phase of the litigation instituted against TGC by Hertz. Id. at 427.

Likewise, this Court finds that there is at least a possibility that further delay of this litigation would harm Plaintiff. However, that harm must be balanced against the hardship or inequity to Defendants. Here, as in Hertz, Defendants are also faced with the potential heavy burden of defending in multiple fora, the pendency of the MDL Panel's decision, and the fact that this case is in its inception. Furthermore, refusing to stay the proceedings risks depriving Defendants of the "opportunity to obtain benefits of MDL Panel consolidation." Id. Finally, this Court is mindful of its obligation to preserve scarce judicial resources. Thus, the balance of interests favors a stay.

This Court finds little purpose in proceeding with discovery until the MDL Panel has had a chance rule. Accordingly, Defendants' Motion to Stay proceedings is **GRANTED**. The stay shall expire thirty (30) days after the MDL Panel has issued its ruling.

**SO ORDERED.**

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc: Hon. Joel A. Pisano, U.S.D.J.
Clerk
All parties
File

---

[1] The Complaint was filed on November 23, 2004. After several extensions, the Court ordered Defendants to respond by April 22, 2005. On March 31, 2005, Defendants moved before the MDL Panel to transfer and consolidate this case in the District of Kansas, and on April 1, 2005 Defendants requested that the action be stayed in the interim.